ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Heirs of Khair Mohammad | ) ASBCA No. 61571 |
| | ) |
| Under Contract No. DACA-AED-5-09-9650 *et al.* | ) |

APPEARANCE FOR THE APPELLANT:        Mr. Haji Awal Khan

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
                                     Engineer Chief Trial Attorney
                                     Matthew S. Tilghman, Esq.
                                     Aimee L. Rider, Esq.
                                       U.S. Army Engineer District,
                                         Middle East
                                       Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE SWEET
## ON THE GOVERNMENT'S MOTION TO RECONSIDER DECISION
## ON REPRESENTATION

This appeal involves several leases of real property in Afghanistan. The government has moved to reconsider our acceptance of the individual purporting to be Haji Awal Khan[1] as a proper representative under Board Rule 15(a). Despite the fact that seven months have passed since the government filed the motion, Mr. Khan has not responded to the government's motion. For the reasons discussed below, the motion is granted, and this appeal is dismissed.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

I.    The Leases

1. On April 23, 2009, the government entered into Lease No. DACA-AED-5-09-9650 (9650 lease) to lease real property in Afghanistan. The 9650 lease identified the lessors as the "Heirs of KHAIR MOHAMMAD as represented by HAJI AWAL KHAN son of HAJI MOHAMMAD KHAN." (R4, tab 5 at 25) Haji Awal Khan executed the lease with his fingerprint, as the representative of the heirs of Khair Mohammad (*id.* at 30).

2. On April 23, 2009, the government entered into Lease No. DACA-AED-5-09-9651 (9651 lease) to lease real property in Afghanistan. The 9651 lease identified the lessors as

---

[1] In this Opinion, we refer to the individual at the email address from which we received the May 22, 2018 email as Haji Awal Khan, or Mr. Khan.

the "Heirs of MEHRULLAH son of HAZRAT NOOR as represented by HAJI AWAL KHAN son of HAJI MOHAMMAD KHAN." (R4, tab 5 at 31) Haji Awal Khan executed the lease with his fingerprint, as the representative of the heirs of Mehrullah (*id.* at 36).

3. On April 23, 2009, the government entered into Lease No. DACA-AED-5-09-9652 (9652 lease) to lease real property in Afghanistan. The 9652 lease identified the lessors as the "Heirs of SULTAN son of MURAD KHAN as represented by HAJI AWAL KHAN son of HAJI MOHAMMAD KHAN." (R4, tab 5 at 37) Haji Awal Khan executed the lease with his fingerprint, as the representative of the heirs of Sultan (*id.* at 42).

4. On April 23, 2009, the government entered into Lease No. DACA-AED-5-09-9653 (9653 lease) to lease real property in Afghanistan. The 9653 lease identified the lessors as the "Heirs of GHULAAM MOHAMMAD son of AQHA MOHAMMAD as represented by HAJI AWAL KHAN son of HAJI MOHAMMAD KHAN." (R4, tab 5 at 43) Haji Awal Khan executed the lease with his fingerprint, as the representative of the heirs of Ghulaam Mohammad (*id.* at 48).

5. On April 23, 2009, the government entered into Lease No. DACA-AED-5-09-9654 (9654 lease) to lease real property in Afghanistan. The 9654 lease identified the lessors as the "Heirs of ALLAH MOHAMMAD as represented by HAJI AWAL KHAN son of HAJI MOHAMMAD KHAN." (R4, tab 5 at 49) Haji Awal Khan executed the lease with his fingerprint, as the representative of the heirs of Allah Mohammad (*id.* at 54).

6. On April 23, 2009, the government entered into Lease No. DACA-AED-5-09-9655 (9655 lease) to lease real property in Afghanistan. The 9655 lease identified the lessors as the "Heirs of GHAFOOR son of LAAL MOHAMMAD as represented by HAJI AWAL KHAN son of HAJI MOHAMMAD KHAN." (R4, tab 5 at 55) Haji Awal Khan executed the lease with his fingerprint, as the representative of the heirs of Ghafoor (*id.* at 60).

7. On April 23, 2009, the government entered into Lease No. DACA-AED-5-09-9656 (9656 lease) to lease real property in Afghanistan. The 9656 lease identified the lessors as the "Heirs of SHAHABADDIN as represented by HAJI AWAL KHAN son of HAJI MOHAMMAD KHAN." (R4, tab 5 at 61) Haji Awal Khan executed the lease with his fingerprint, as the representative of the heirs of Shahabaddin (*id.* at 66).

8. On April 13, 2009, the government entered into Lease No. DACA-AED-5-09-9657 (9657 lease) to lease real property in Afghanistan. The 9657 lease identified the lessors as the "Heirs of MOH[A]MMAD GUL SON OF AMIR JAN as represented by SHIRZADA son of MOHAMMAD AZIM." (R4, tab 5 at 67) Mr. Shirzada executed the lease with his fingerprint, as the representative of the heirs of Moh[a]mmad Gul (*id.* at 72).

9. On April 13, 2009, the government entered into Lease No. DACA-AED-5-09-9658 (9658 lease) to lease real property in Afghanistan. The 9658 lease identified the lessors as the "Heirs of AHMAD JAN son of AMIR MOHAMMAD as represented by SHIRZADA

2

son of MOHAMMAD AZIM." (R4, tab 5 at 73) Mr. Shirzada executed the lease with his fingerprint, as the representative of the heirs of Ahmad Jan (*id.* at 78).

10. On April 13, 2009, the government entered into Lease No. DACA-AED-5-09-9659 (9659 lease) to lease real property in Afghanistan. The 9659 lease identified the lessors as the "Heirs of JABAR AND HUSSIAN as represented by SHIRZADA son of MOHAMMAD AZIM." (R4, tab 5 at 79) Mr. Shirzada executed the lease with his fingerprint, as the representative of the heirs of Jabar and Hussian (*id.* at 84).

11. On April 13, 2009, the government entered into Lease No. DACA-AED-5-09-9660 (9660 lease) to lease real property in Afghanistan. The 9660 lease identified the lessors as the "Heirs of MOHAMMAD AND GUL RANG as represented by SHIRZADA son of MOHAMMAD AZIM." (R4, tab 5 at 85) Mr. Shirzada executed the lease with his fingerprint, as the representative of the heirs of Mohammad and Gul Rang (*id.* at 90).

12. On April 13, 2009, the government entered into Lease No. DACA-AED-5-09-9661 (9661 lease) to lease real property in Afghanistan. The 9661 lease identified the lessors as the "Heirs of TARABAZ son of MIR HAIDER as represented by SHIRZADA son of MOHAMMAD AZIM." (R4, tab 5 at 91) Mr. Shirzada executed the lease with his fingerprint, as the representative of the heirs of Tarabaz (*id.* at 96).

13. On April 13, 2009, the government entered into Lease No. DACA-AED-5-09-9662 (9662 lease) to lease real property in Afghanistan. The 9662 lease identified the lessors as the "Heirs of AMIR KHAN son of SAHIB as represented by SHIRZADA son of MOHAMMAD AZIM." (R4, tab 5 at 97) Mr. Shirzada executed the lease with his fingerprint, as the representative of the heirs of Amir Khan (*id.* at 102).

14. On April 13, 2009, the government entered into Lease No. DACA-AED-5-09-9663 (9663 lease) to lease real property in Afghanistan. The 9663 lease identified the lessors as the "Heirs of MOHAMMAD KHAN son of SHAIBNOOR as represented by SHIRZADA son of MOHAMMAD AZIM." (R4, tab 5 at 103) Mr. Shirzada executed the lease with his fingerprint, as the representative of the heirs of Mohammad Khan (*id.* at 108).[2]

15. There is no evidence that the heirs constitute a corporation, partnership, or joint venture, or that Mr. Khan is an officer or member of any such corporation, partnership, or joint venture.

16. There is no evidence that Mr. Khan is a duly licensed attorney.

---

[2] We refer to the 9650 through 9662 leases collectively as the leases. We refer to the heirs of Khair Mohammad, Mehrullah, Sultan, Ghulaam Mohammad, Allah Mohammad, Ghafoor, Shahabaddin, Moh[a]mmad Gul, Ahmad Jan, Jabar and Hussian, Mohammad Gul Rang, Tarabaz, Amir Khan, and Mohammad Khan collectively as the heirs.

3

## II. Procedural History

17. On April 1, 2018, the Board received a notice of appeal from Dr. Jamal Sadat regarding the leases. On April 27, 2018, we received a complaint and a revised complaint alleging that the government failed to pay rent on the leases. The emails transmitting the complaint and the revised complaint were from Dr. Sadat's email address, but purportedly came from Mr. Khan and Mr. Shirzada.

18. On May 2, 2018, we sent a correspondence to Dr. Sadat indicating that we would not accept the complaint or the revised complaint for filing until he showed that he was the proper representative under Board Rule 15(a). Dr. Sadat responded on May 19, 2018, that we would receive a message from Mr. Khan. On May 22, 2018, we received an email purporting to be from Mr. Khan. Mr. Khan indicated that he was the representative in this appeal, and that he wanted to follow the appeal. By order dated May 24, 2018, we accepted Mr. Khan as appellants' representative, and stated that we would accept the complaint for filing, unless appellants objected within seven days. Appellants did not object within seven days.

19. However, on May 29, 2018, the government filed a motion to reconsider our acceptance of Mr. Khan as the representative.

20. To date, Mr. Khan has not responded to the motion.

## DECISION

Mr. Khan is not a proper representative of the appellants. The Contract Disputes Act (CDA)—which establishes our jurisdiction—only applies to claims brought by a "contractor." 41 U.S.C. § 7103(a)(1). The CDA defines a contractor as "a party to a Federal Government contract other than the Federal Government." *Id.* § 7101(7). In order to proceed before the Board, a contractor must have a proper representative. *Acsential Tech., Inc.*, ASBCA No. 61559, 18-1 BCA ¶ 37,056 at 180,395. Under our rules:

> An individual appellant may represent his or her interests before the Board; a corporation may be represented by one of its officers; and a partnership or joint venture by one of its members; or any of these by an attorney duly licensed in any state, commonwealth, territory, the District of Columbia, or in a foreign country.

Board Rule 15(a). Because we cannot proceed without a representative meeting Board Rule 15(a)'s requirements, we dismiss appeals that lack a proper representative. *Acsential*, 18-1 BCA ¶ 37,056 at 180,395.

4

Here, the contractors—or parties to the leases—were the heirs (SOF ¶¶ 1-14). The fact that Mr. Khan executed some of the leases as a representative of some of the heirs does not establish that he is a party to the leases, or entitle him to file this appeal. *Thai Hai*, ASBCA No. 53375, 02-2 BCA ¶ 31,971 at 157,921 (holding that the claim of an agent who executed a lease on behalf of a principal "founders because [the agent] was not the named contractor on the lease documents"). Thus, the heirs—and not Mr. Khan—are the contractors.

Nor is Mr. Khan a proper representative of the contractor heirs under Board Rule 15(a). This case involves multiple appellants (SOF ¶¶ 1-14). However, there is no evidence that the heirs constitute a corporation, partnership, or joint venture, or that Mr. Khan is an officer or member of any such corporation, partnership, or joint venture (SOF ¶ 15). Nor is there any evidence that Mr. Khan is a duly licensed attorney (SOF ¶ 16). Therefore, Mr. Khan is not an appropriate representative of the heirs under Board Rule 15(a). As a result, we must dismiss this appeal.

## CONCLUSION

For the reasons discussed above, the motion for reconsideration is granted. This appeal is dismissed.

Dated: February 6, 2019

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61571, Appeal of Heirs of Khair Mohammad, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals